In the Matter of JACOB JACOBS, Deceased. HANNAH JACOBS, as Executrix, etc., of JACOB JACOBS, Deceased, Appellant; HERBERT STRAUSSER, Respondent.— Order of the Surrogate's Court, Queens county, denying appellant's application to vacate and set aside an order of settlement and to examine respondent, affirmed, with ten dollars costs and disbursements to respondent, payable out of the estate. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

In the Matter of Supplementary Proceedings: MINNIE LACHMAN, Judgment Creditor, v. NAYLOR HOTEL CORP., INC., Judgment Debtor. WILLIAM H. BARDES, Receiver, Appellant; HEMPSTEAD STORAGE CORPORATION, Third Party, Respondent.— Order of the County Court of Nassau county directing that certain furniture and equipment be turned over to the receiver, subject to payment of storage charges from April 1, 1939, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

In the Matter of the Application of DANIEL MARSHALL, Petitioner, for a Certiorari Order against GEORGE M. ESTABROOK, Mayor, and J. EUGENE GEER and Others, Trustees of the Village of Hempstead, Nassau County, New York, Respondents.— Proceeding under article 78 of the Civil Practice Act to review the determination of respondents in finding petitioner, a police officer, guilty of violating certain rules and regulations of the police department of the village of Hempstead and dismissing him from the police force. Determination unanimously confirmed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

GRACE MANZI, DOLORES MANZI, Infants, by Their Guardian ad Litem, LOUIS MANZI and GRACE MANZI, Respondents, and LOUIS MANZI, Plaintiff, v. GERTRUDE LOUDEN, Appellant.— In an action brought by a husband, wife and two infant children to recover damages for personal injuries and property damage sustained in a collision between two automobiles, alleged to have been caused by defendant's negligence, the jury returned a verdict against the husband but in favor of the three remaining plaintiffs. Defendant appeals from that portion of the judgment which allows a recovery in favor of said plaintiffs and from an order denying her motion to set aside the verdict and for a new trial. Judgment, in so far as an appeal is taken therefrom, and order reversed on the law and facts and a new trial granted, with costs to abide the event. The verdict in favor of three of the four plaintiffs was against the weight of the credible evidence. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.